IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Launeil Sanders, ) | Civil Action No.: 6:11-cv-00231-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U.S. EPA Administrator, Lisa Jackson; ) | |
| SCDHEC, South Carolina Department ) | |
| of Health and Environmental Control; ) | |
| ABITIBI Bowater; International Paper ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss this action *without prejudice* and without issuance and service of process.

**Factual Background and Procedural History**

This case was initiated when the Plaintiff filed a *pro se* Complaint *in forma pauperis* seeking injunctive relief and damages on January 28, 2011. The Plaintiff essentially requests implementation and enforcement of stricter clean water standards than are currently required by the Clean Water Act ("CWA") and the United States Environmental Protection Agency ("EPA"). The instant Complaint is nearly identical to a complaint filed by the Plaintiff against the same Defendants on April 20, 2010. *See Sanders v. Jackson,* No. 7:10-cv-00968-RBH, 2010 WL 2228381 (D.S.C. May 28, 2010) (Docket # 1). This Court summarily dismissed the Plaintiff's

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

prior complaint for several reasons: Plaintiff did not allege an "injury in fact" for standing purposes to bring a citizen suit pursuant to 33 U.S.C. § 1365; Plaintiff did not state a claim on which relief may be granted because he did not allege that the EPA Administrator failed to implement rules and regulations related to wastewater; and Plaintiff's request for this Court to order Defendants to create new, more stringent standards for clean water was not within this Court's power. *See id.* The Plaintiff appealed this Court's prior decision, and the Fourth Circuit affirmed. *See Sanders v. United States EPA,* No. 10-1624, 2010 WL 3867066 (4th Cir. Sept. 30, 2010).

In the instant matter, the Plaintiff makes essentially the same allegations and requests the same relief from the same Defendants as in his prior complaint. However, the Plaintiff adds that "I have been definitely prohibited from enjoying and experiencing the Catawba River and Cooper Rivers here in South Carolina by the Criminal Misconduct of Bowater and International Paper." Compl., pp. 1-2. Under established local procedure in this judicial district, a careful review was made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On February 4, 2011, the Magistrate Judge issued an R&R, recommending that the Complaint be dismissed without prejudice for failure to state a claim on which relief may be granted, lack of standing, and frivolousness. Specifically, the Magistrate Judge stated that the "Plaintiff's allegations of standing still do not satisfy the injury in fact allegations required by *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.,* 528 U.S. 167, 182-84 (2000)." R&R, pp. 4-5. The Plaintiff filed timely objections on February 14, 2011, and this matter is ripe for review.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

2

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his objections, the Plaintiff's primary argument is that "*Friends of The Earth v. Laidlaw Environmental Services Inc.*, 528 U.S. 167 (2000) . . . guarantees my rights in my Citizens Environmental Suit to be heard," [as] "I have continually been denied the rights of enjoying the recreational, the aesthetic, economic and all provisions of the Catawba River and Cooper River here is South Carolina." Pl.['s] Objections*,* pp. 1-2. However, as the Magistrate Judge explained, this allegation of standing still does not satisfy the injury in fact requirement established by *Laidlaw*.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed

3

by a favorable decision." *Laidlaw,* 528 U.S. at 180-81 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).  The Plaintiff's conclusory allegation that he has been denied the rights of enjoyment of the Catawba and Cooper Rivers is neither concrete and particularized, nor anything more than conjecture.  In fact, his conclusory allegation is similar to the general averments found inadequate in *Sierra Club v. Morton,* 405 U.S. 727 (1972). *See Morton,* 405 U.S. at 734-35 ("[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself along the injured. . . . Nowhere in the pleadings or affidavits did the [Plaintiff] state that its members use Mineral King for any purpose, much less that they use it in a way that would be significantly affected by the proposed actions of the respondents.").  The Plaintiff does not aver that he once used and enjoyed the Catawba and Cooper Rivers, explain how the aesthetic and recreational values of the rivers have been lessened, or "allege facts showing that he is himself adversely affected" by the challenged activity.  *See id.* at 740.

Notably, it appears that the paper mills are not violating the current "Color Limits"; rather, the Plaintiff claims that "the EPA Administrator must . . . re-Install the [BAT] Color Limits of 250 to 350 Mg/Liter that were installed in 1985, but got eliminated by the many Triple Corrupt Lobbyists." Compl., p. 2; *see* Pl.['s] Objections, p. 2 ("Congress needs to immediately intervene and install technology standards, such as the COLOR limits that were in place in 1985, since the triple corrupt Greenville Division doesn't give a Royal Care.  The 1985 BAT COLOR limits would have brought technology in, but the triple corrupt lobbyists got them done away with."); *see also* Compl., p. 5 ("I really need a U.S. District Judge to intervene and Order EPA Administrator to establish technology limits either for Original 1985 COLOR limits or new COD limits.").  In sum, the Plaintiff does not allege that the Defendants are in violation of *current*

4

environmental standards, but only that he does not *agree* with the current environmental standards. This ground is not sufficient to establish an injury in fact. Similarly, the Plaintiff's allegation that "the 800 pulp and paper mills in the U.S. are wasting eight billion dollars of electricity; they are pouring it down the toilet as there is a criminal, flagrant, fraudulent loop hole with the BOD test that regulates the 800 mills" fails to state an injury in fact sufficient to satisfy Article III's standing requirements.[2]

## Conclusion

Having thoroughly reviewed the entire record, the applicable law, and all of the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge. Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, this action is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 22, 2011

---

[2] Even assuming, *arguendo,* that the Plaintiff has sufficiently alleged standing, his allegations fail to state a claim on which relief may be granted for the reasons previously explained by this Court in *Sanders v. Jackson,* No. 7:10-cv-00968-RBH, 2010 WL 2228381 (D.S.C. May 28, 2010).